**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

_____

BEACH TV PROPERTIES, INC. and
THE ATLANTA CHANNEL, INC.

          Plaintiff                  INDEX NO.

   -vs-

HENRY A. SOLOMAN,
HALEY BADER & POTTS, P.L.C. and
GARVEY, SCHUBERT & BARER

          Defendants

_____

**COMPLAINT**

Plaintiffs allege as follows:

**Parties and Jurisdiction**

1.     Plaintiff Beach TV Properties, Inc. ("Beach TV") is a Florida corporation with its principal place of business in Florida.

2.     Plaintiff The Atlanta Channel, Inc. ("ACI") is a Florida corporation with its principal place of business in Georgia.

3.     Beach TV and ACI are affiliates with 100% common ownership.

4.     Defendant Henry A. Soloman ("Mr. Soloman") is an individual and citizen of the District of Columbia.

5.     Mr. Soloman is an attorney who, at all times relevant to this action, was licensed to practice law in the District of Columbia.

6.      Defendant Haley Bader & Potts, P.L.C. (the "Haley Firm") was a Virginia Professional Limited Liability Company whose members are citizens of Virginia or the District of Columbia.

7.      Mr. Soloman was a member of the Haley Firm on or before June 1, 2000.

8.      Defendant Garvey, Schubert & Barer (the "Garvey Firm") is a Washington law partnership whose partners are citizens of States other than Florida or Georgia.

9.      The Garvey Firm is the successor in interest to and assumed the liabilities of the Haley Firm on or before June 1, 2000.

10.     Mr. Soloman has been a member of the Garvey Firm since on or before June 1, 2000.

11.     The Court has jurisdiction over the claims in this case pursuant to 28 U.S.C. §1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of costs and interest.

**Facts**

12.     At all times relevant to this action, ACI owned and operated a low power television ("LPTV") station in Atlanta GA with the call sign WTHC-LP.

13.     ACI held a license from the Federal Communications Commission ("FCC") to operate WTHC-LP as an LPTV station in Atlanta GA (the "WTHC-LP License").

14.     Mr. Soloman represented ACI in the acquisition of the WTHC-LP License.

15.     In 1999, Congress enacted the Community Broadcasters Protection Act of 1999, 47 U.S.C. §336(f) (the "CBPA").

16.     The CBPA directed the Federal Communications Commission ("FCC") to grant Class A status to any qualifying LPTV licensee (a "Class A License").

17.     The WTHC-LP License qualified for a Class A License pursuant to the CBPA.

18.     A threshold requirement for ACI to obtain a Class A License for the WHTC-LP License was to file a complete "certification of eligibility" with the FCC on or before January 28, 2000.

19.     On or about December 29, 1999, Mr. Soloman filed a "Statement of Eligibility" on behalf of ACI with the FCC pursuant to the CBPA (the "ACI Statement"). A true copy of the ACI Statement is attached as Exhibit A.

20.     Mr. Soloman filed the ACI Statement as an attorney for ACI and as an employee or agent of the Haley Firm.

21.     The purpose of filing the ACI Statement was to satisfy the threshold requirement of filing a complete "certification of eligibility" for ACI to obtain a Class A License for the WHTC-LP License.

22.     The ACI Statement was defective and incomplete on its face due to the failure to provide answers to questions 3 and 4.

23.     Mr. Soloman was responsible for this defect due to his failure to exercise ordinary and reasonable care in the preparation and filing of the ACI Statement.

24.     On June 9, 2000, the FCC dismissed the ACI Statement on the grounds it was materially deficient (the "Dismissal").

25.     At that time of the Dismissal, Mr. Soloman was an employee or agent of the Garvey Firm.

26.     The effect of the Dismissal was to deny a Class A License for the WTHC-LP License.

27.     The FCC would have granted a Class A License for the WTHC-LP License pursuant to the CBPA but for the filing of the defective and incomplete ACI Statement by Mr. Soloman.

28.     On June 22, 2000, Mr. Soloman filed a Petition for Reconsideration of the Dismissal on behalf of ACI with the FCC that included an "amended" ACI Statement.

29.     Mr. Soloman filed the Petition for Reconsideration of the Dismissal as an attorney for ACI and as an employee or agent of the Garvey Firm.

30.     On November 20, 2000, the Mass Media Bureau of the FCC denied the Petition for Reconsideration of the Dismissal because "none of the certification questions had been completed" in the ACI Statement and "where an application was patently defective - as ACI's statement was here - we will not allow the applicant to remedy the omission and have its application accepted nunc pro tunc if a cut-off date was passed by the time of resubmission. [internal quotations omitted]"

31.     On December 20, 2000, Mr. Soloman filed an Application for Review by the full Commission of the Mass Media Bureau action on November 20, 2000.

32.     Mr. Soloman filed the Application for Review as an attorney for ACI and as an employee or agent of the Garvey Firm.

33.     On November 8, 2012, the FCC rejected the Application for Review filed by Mr. Soloman.  The FCC said, "ACI's failure to include the required certifications in

[the ACI Statement] was a 'material deficiency,' and staff was entitled to dismiss the filing on that basis."

34.     On December 7, 2012, an attorney with the Garvey Firm filed a Petition for Reconsideration of the FCC's action of November 8, 2012.

35.     The attorney with the Garvey Firm who filed the Petition for Reconsideration acted as attorney for Beach TV and as an agent of the Garvey Firm.

36.     On October 7, 2014, the FCC denied the Petition for Reconsideration. The FCC said, "The Atlanta Channel's initial Statement of Eligibility lacked any information supporting eligibility, and its corrected statement was untimely."

37.     ACI assigned the WTHC-LP License to Beach TV.

38.     ACI assigned its malpractice claims against the Defendants to Beach TV.

39.     On November 4, 2014, Beach TV filed a petition for review and an appeal with the Court of Appeals for the District of Columbia to review the FCC's actions in denying a Class A License for the WTHC-LP License.

40.     On September 23, 2015, the Court of Appeals for the District of Columbia affirmed the FCC's denial of a Class A License for the WTHC-LP License.

**First Count – Malpractice By Mr. Soloman**

41.     ACI and Beach TV repeat and reallege paragraphs 1 to 40.

42.     Mr. Soloman committed legal malpractice in the representation of ACI by failing to exercise due and proper care in the preparation and filing of the ACI Statement.

43.     ACI and Beach TV have been damaged by Mr. Soloman's actions and negligence in an amount to be determined but at least $20,000,000 due to:

   a.   Payment of attorneys' fees and disbursements to file the ACI Statement;

and

    b.   Payment of attorneys' fees and disbursements to file pleadings at the FCC to seek a remedy for the filing of the defective ACI Statement; and

    c.   Payment of attorneys' fees and disbursements to file a petition for review and an appeal with the Court of Appeals for the District of Columbia; and

    d.   The diminished value of the WTHC-LP License, which is not a Class A License.

WHEREFORE, Plaintiffs Beach TV and ACI respectfully request the entry of judgment in their favor, jointly and severally, against Mr. Solomon in an amount to be determined but at least $20,000,000 together with interest, costs and attorneys' fees and such other relief as the Court deems just and proper.

## Second Count – Malpractice by the Haley Firm and the Garvey Firm

44.    Plaintiffs repeat and reallege paragraphs 1 to 43 above.

45.    Mr. Soloman filed the defective ACI Statement while he was an employee or agent of the Haley Firm.

46.    ACI sustained the injury caused by the defective ACI Statement while Mr. Soloman was an employee or agent of the Garvey Firm.

47.    The Haley Firm is liable for Mr. Soloman's malpractice.

48.    The Garvey Firm is liable for Mr. Soloman's malpractice.

WHEREFORE, Plaintiffs Beach TV and ACI respectfully request the entry of judgment in their favor, jointly and severally, against the Haley Firm and the Garvey Firm, jointly and severally, in an amount to be determined but at least $20,000,000 together with interest, costs and attorneys' fees and such other relief as the Court deems

just and proper.

October 22, 2015

*/s/ James A. Allen*
James A. Allen, Esq.
Allen Legal, PLLC
PO Box 4233
Ashton, VA 20148
571-441-1596
jamesallenlegal@gmail.com
Bar ID: 443595
Attorney for Beach TV Properties, Inc. and
The Atlanta Channel, Inc.

# EXHIBIT A

LAW OFFICES

# HALEY BADER & POTTS P.L.C.

4350 NORTH FAIRFAX DR., SUITE 900
ARLINGTON, VIRGINIA 22203-1633
TELEPHONE (703) 841-0606
FAX (703) 841-2345
E-MAIL: haleybp@haleybp.com

HENRY A. SOLOMON
ADMITTED IN VA & DC

DIRECT E-MAIL ADDRESS
hsolomon@haleybp.com

OUR FILE NO.
0937-113-67

**STAMP & RETURN COPY**

December 29, 1999

Magalie R. Salas, Secretary
Federal Communications Commission
445 Twelfth Street, SW
Room TW-A325
Washington, DC 20554

**RECEIVED**

DEC 2 9 1999

FEDERAL COMMUNICATIONS COMMISSION
OFFICE OF THE SECRETARY

Reference: **The Atlanta Channel, Inc.**
**WATC-LP (Formerly W42BQ)**
**Atlanta, GA**

Dear Ms. Salas:

Submitted herewith on behalf of the above licensee is a Statement of Eligibility for Class A Low Power Television Station Status.

Should you have any questions concerning this matter, please communicate directly with the undersigned.

Respectfully submitted,

By: _____
Attorney for Licensee

Enclosure
HAS/blr

**EXHIBIT A**

Federal Communications Commission
Washington, D. C. 20554

**STATEMENT OF ELIGIBILITY**
**FOR**
**CLASS A LOW POWER TELEVISION STATION STATUS**

Approved by OMB
3060-0908

1. 

| Legal Name of LPTV Licensee | *THE ATLANTA CHANNEL, INC.* |
|---|---|

Mailing Address *P.O. BOX 9556*

| City *PANAMA CITY* | State or County (if foreign address) *FL* | ZIP Code *32417* |
|---|---|---|

| Telephone Number (include area code) *850.234.2773* | E-Mail Address (if available) *JUD@TOURISTNET.NET* |
|---|---|

LPTV Station:

| Facility ID Number *65409* | Call Sign *WATC-LP* * |
|---|---|

Community of License:

| City *ATLANTA* | State *GA* |
|---|---|

2. 

| Contact Representative (if other than Licensee): Jud Colley | Company or Firm Name: The Atlanta Channel, Inc. |
|---|---|
| Telephone Number (include area code): 850/234-2773 | E-Mail Address (if available): N/A |

3. **For the 90-day period ending November 28, 1999,** has the low power television licensee:

   a. broadcast a minimum of 18 hours per day?  ☐ Yes ☐ No

   b. broadcast an average of 3 hours or more per week of programming produced within the market area served by the station or by commonly-controlled stations?  ☐ Yes ☐ No

   c. operated its station in full compliance with 47 Code of Federal Regulations Section 74.701 et seq., the Commission's regulations applicable to low power televisions stations?  ☐ Yes ☐ No

   If the answers to Questions 3(a), (b), and (c) is YES, the LPTV licensee may submit this statement to obtain a certificate of eligibility for Class A LPTV station status.

   If the answer to Question 3(a), (b), or (c) is NO, the LPTV licensee may submit an Exhibit, setting forth fully the extent to which its station does not meet the above eligibility criteria and the reasons nevertheless that warrant a Commission determination that issuance of a certificate of eligibility would serve the public interest, convenience and necessity.

   | Exhibit No. |
   |---|
   | |

4. Does the LPTV licensee certify that neither the licensee nor any party to the licensee, as defined in 47 Code of Federal Regulations Section 1.2002(b), is subject to a denial of federal benefits pursuant to Section 5301 of the Anti-Drug Abuse Act of 1988, 21 U.S.C. Section 862?  ☐ Yes ☐ No

5. **Certification.** I certify that I have examined this Statement and that, to the best of my knowledge and belief, all representations in this Statement are true, correct and complete.

| Typed or Printed Name of Person Signing *JUD COLLEY* | Typed or Printed Title of Person Signing President |
|---|---|
| Signature *[signature]* | Date December 28, 1999 |

WILLFUL FALSE STATEMENTS ON THIS FORM ARE PUNISHABLE BY FINE AND/OR IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001), AND/OR REVOCATION OF ANY STATION LICENSE OR CONSTRUCTION PERMIT (U.S. CODE, TITLE 47, SECTION 312(a)(1)), AND/OR FORFEITURE (U.S. CODE, TITLE 47, SECTION 503).
 * Formerly W42BQ

**EXHIBIT A**