UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEACH TV PROPERTIES, INC. and<br>THE ATLANTA CHANNEL,<br><br>      Plaintiffs,<br><br>v.<br><br>HENRY A. SOLOMON,<br>HALEY BADER & POTTS, P.L.C., and<br>GARVEY SCHUBERT BARER,<br><br>      Defendants. | Case No. 1:15-cv-01823 RC |

## JOINT REPORT ON RULE 26(f) CONFERENCE

Plaintiffs Beach TV Properties, Inc. ("Beach TV") and The Atlanta Channel, Inc.

("ACI") and Defendants Henry A. Solomon ("Mr. Solomon"), Haley, Bader & Potts, P.L.C.

("Haley Bader"), and Garvey Schubert Barer ("Garvey Schubert"), pursuant to Local District

Court Civil Rule 16.3(d) and Fed. R. Civ. P. 26(f)(3), hereby submit this joint report regarding

discovery and the results of the Rule 26(f) conference between counsel for all parties that was

held on March 1, 2016 at the office of Jackson & Campbell, P.C.  Plaintiffs' proposed

Scheduling Order is attached as Exhibit A.  Defendants' proposed Scheduling Order is attached

as Exhibit B.

### Pending Motions

There are three Rule 12(b) motions pending to dismiss Counts Two through Six of the

Amended Complaint, with the following due dates ("Defendants' Motions to Dismiss"):

- Garvey Schubert's Motion of February 18, 2016 [DKT No. 24], with
  Plaintiffs' Oppositions filed on March 18, 2016 [DKT Nos. 34 and 35] and
  a Reply due on April 1, 2016.

- Haley Bader's Motion of February 19, 2016 [DKT No. 27], with Plaintiffs' Oppositions filed on March 18, 2016 [DKT Nos. 36, 37 and 38] and a Reply due on April 1, 2016.

- Mr. Solomon's Motion of February 19, 2016 [DKT No. 25], with Plaintiffs' Oppositions filed on March 18, 2016 [DKT Nos. 34, 36 and 37] and a Reply due on April 1, 2016.

Accordingly, Defendants' Motions to Dismiss are likely to have been fully briefed by or near the date of the Scheduling Conference (which has not yet been set).

**Contemplated Motions**

**By Plaintiffs:**

Plaintiff believes discovery will show there are no material facts in dispute regarding liability and summary judgment on liability can be granted in its favor.  Plaintiff intends to file a motion for summary judgment on liability at the close of fact discovery ("Plaintiffs' Liability Motion").

**By Defendants:**

Mr. Solomon plans to file a motion for summary judgment on liability based on the statute of limitations, contributory negligence and other applicable grounds.  Garvey Schubert will also file such a motion in the event that its pending motion to dismiss is denied in whole or in part (collectively "Defendants' Liability Motions") once sufficient factual discovery is completed.  If necessary, Defendants also plan to file a dispositive motion relating to Plaintiffs' claim of proximate cause for their theory of damages alleged in their Amended Complaint ¶¶ 102-21.  As alleged therein, Plaintiffs damages arise solely under an unprecedented auction process that was dictated by the enactment (twelve years after the Statement of Eligibility at issue was filed) of Title VI of the Middle Class Tax Relief and Job Creation Act of 2012, 47

2

U.S.C. §§ 6001, *et seq.*, known as the "Spectrum Act." *Id*.  Plaintiffs allege that, had they obtained a Class A license, they would have been permitted to participate in the upcoming auction process, which begins on March 29, 2016, and would (it predicts) have obtained $390 million to surrender (sell) their license.  Amended Complaint ¶ ¶ 116: 119-20.

The complexities and uncertainties associated with this massive and unprecedented auction process would be difficult to overstate.   The FCC has described it as "the most complicated auction undertaking it, or any other agency, has tried."  "Getting It Right," *Broadcasting & Cable*, November 3, 2014, p. 24.  It includes three stages:  a reverse auction for TV stations, a forward auction for wireless providers and a repacking process for the assignment of remaining TV stations on the spectrum.  The details are set forth in a 329-page Report and Order of the FCC, captioned as *In the Matter of Expanding the Economic and Innovation of Spectrum Through Incentive Auctions*, 29 FCC Rcd 6567 (2014).  The process is also described in part in *Nat'l Assoc. of Broadcasters v. FCC*, 789 F.3d 165, 176 (D.C. Cir. 2015), in which the court stated:  "The Spectrum Act aims to enhance the technological capacity of the United States by requiring the Commission to conduct an incentive auction that is 'the first such auction ever attempted worldwide.'"  ¶NPRM, 4.

In the event that the damages portion of the case is reached, Defendants intend to file a dispositive motion, seeking an adjudication that, as matter of law, the enactment of the Spectrum Act, with its unprecedented auction process, could not have been reasonably been anticipated twelve years earlier and that the enactment was a supervening, intervening cause, and that proximate cause cannot otherwise be proven by Plaintiffs.  ("Defendants' Proximate Cause Motion.")  As also discussed below, Defendants seek a bifurcation of the case, due to the

uncertainties as to when the auction process may be completed, which could easily be a year or more.

Plaintiff contends the Defendants' Proximate Cause Motion would be properly brought as a motion *in limine*, after the close of all fact and expert discovery and when Plaintiffs propose to tender evidence of their damages that includes a value based on the "reverse auction." Plaintiffs contend the Court does not have jurisdiction to decide Defendants' Proximate Cause Motion absent a case or controversy on the issue, which does not exist before Plaintiffs' proffer of such evidence

**THE PARTIES' POSITIONS ON THE MATTERS ENUMERATED IN FED. R. CIV. PRO. 26(f)(3)**

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

**Parties Agree:** Rule 26(a)(1) disclosures have been made. Disclosures pursuant to Rule 26(a)(2) and (3) should be made as provided in the Rule subject to changes made by Court order.

**(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiffs' Position:** Discovery will be needed on all claims and defenses. Discovery should begin immediately on Count One, as there is no pending motion to dismiss Count One. The issues covered by that discovery would include Mr. Solomon's liability for filing a defective Statement of Eligibility, the damages caused by that negligence and the proposed defenses of statute of limitations and contributory negligence. To minimize any duplication of efforts, the scope of discovery on Plaintiffs and Defendant Henry A. Solomon should include all Counts.

Discovery on the remaining Counts should begin upon disposition of Defendants' Motions to Dismiss   The issues covered by that discovery would be the liability of Mr. Solomon and other attorneys from Garvey Schubert for filing a defective Application for Review and the successor liability of Garvey Schubert. The likely witnesses would be Rule 30(b)(6) witnesses for Haley Bader and Garvey Schubert, former Haley Bader partners involved in the merger of Haley Bader with Garvey Schubert and Garvey Schubert attorneys (other than Mr. Solomon) involved in filing the defective Application for Review.  There would be no need to take repetitive depositions of Plaintiffs or Mr. Solomon.

Fact discovery should be completed six (6) months after it starts and expert discovery should be completed within three (3) months of conclusion of fact discovery. Plaintiff contends there is no need to bifurcate discovery or trial or to otherwise delay this case pending the conclusion of the auction process authorized by the Spectrum Act.  Plaintiffs' measure of damages is the fair market value of a Class A License held by a low power television station in Atlanta, GA.  Fair market valuations are routinely done by expert testimony, which takes into account all of the relevant variables, including but not limited to regulatory uncertainties. There is no need for the FCC to render "certainty" by completing the auction process in its entirety, particularly since its second and third stages of the auction are wholly unrelated to the value of a Class A License in Atlanta, GA.  Such a delay would serve no purpose other than to unnecessarily drag this case out.

The first stage of the auction process, also known as the "reverse auction," has the most impact on the value of a Class A License.  The "reverse auction" begins March 29, 2016 and may very well be concluded by the time the Court decides the Motions to Dismiss.[1]

**Defendants' Position**:

Discovery should not begin until the Court rules on the pending Motions to Dismiss. Allowing discovery to proceed on issues raised only in Count One, would lead to multiple depositions of the same people if the remaining counts survive the motions, as those with knowledge of the issues in Count One also have knowledge of the issues raised in the other Counts.

Defendants submit also that, once the pending motions to dismiss have been ruled upon, there should be a dual stage of discovery and expert designations, i.e., a bifurcation, for the damages component of the case.  As noted above, the auction process is unprecedented and is enormously complicated.  Indeed, there have been numerous legal challenges to the auction process, including one participated in by Plaintiff Beach TV.  This process may easily take a year or more to complete, depending on a variety of factors that cannot be predicted.  It seems inevitable that further legal challenges will also be made as the process goes forward.

**(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

---

[1] Legal challenges to the "reverse auction" are scheduled for oral argument May 5, 2016 before The United States Court of Appeals for the District of Columbia, which has refused to enjoin the "reverse auction" pending a decision in those cases.

**Parties Agree:**  The Parties are unaware of any such issues at this time.  Paper documents should be produced in portable document format ("PDF").  Electronic documents should be produced in PDF subject to production upon request in their original format for designated documents.

 **(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

**Plaintiffs' Position:** Plaintiffs contend the attorney work product privilege applies to the work of its counsel in handling its Petition to the U.S. Court of Appeals for the D.C. Circuit. Plaintiff proposes to produce a privilege log for documents, which can form the basis for Defendants' motion compelling disclosure.

**Defendants' Position:**  By making its allegations in Count Two of the Amended Complaint, Plaintiffs have waived any privileges associated with the preparation and filing of their Petition to the D.C. Circuit in *Beach TV Properties, Inc. v. FCC*, Dkt. Nos. 14-1229 and 14-1230, which was the final stage of the underlying proceedings herein.  In their allegations, Plaintiffs allege that certain arguments should have been made to the FCC so that the D.C. Circuit would have had jurisdiction to address them and the D.C. Circuit would have reversed the FCC's position if only those arguments been made.  Plaintiffs also allege that the FCC would have accepted those arguments.  Plaintiffs were represented by their counsel herein, W. James Mac Naughton, Esq. in their Petition to the D.C. Circuit.  In the course of that representation, Plaintiffs made decisions as to which arguments to present, or not present, and chose to rely on arguments that the D.C. Circuit found to have been jurisdictionally or procedurally precluded.

7

Having undertaken a portion of the underlying proceedings without the participation of Defendants, and then alleged that Defendants were negligent in the selection of potential arguments, Plaintiffs cannot shield themselves from the strategic judgments it made in its unsuccessful Petition.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

**Plaintiffs' Position:** Both Plaintiffs should be treated collectively as one party for purposes of the limitations upon interrogatories. All Defendants should be treated collectively as one party for purposes of the limitations upon interrogatories for discovery related to Count One.

**Defendants' Position:** Both Plaintiffs should be treated collectively as one party for purposes of the limitations upon interrogatories. Defendants should not be treated collectively as one party for purposes of the limitations upon interrogatories for discovery as the claims asserted by the Plaintiffs against each Defendant are distinct.

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

**Parties Agree:** The Court should enter a protective order limiting distribution of designated confidential information to counsel and parties.

## THE PARTIES' POSITIONS ON THE MATTERS ENUMERATED IN LCvR 16.3(c)

The parties agreed on many, but not all, of the items enumerated in Local Rule 16.3(c). The positions of the parties on each of these matters are as follows:

(1)  **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

**Plaintiffs' Position:** Discovery should begin immediately on Count One as there is no motion to dismiss Count One, the malpractice claim against Mr. Solomon.  Plaintiff does not believe there is any merit to any of Defendants' Motions to Dismiss.  But even if they are granted, the scope of discovery on Count One remains unaffected.  Therefore, no purpose would be served by delaying discovery on Count One.  The scope of discovery can be expanded as necessary after disposition of Defendants' Motions to Dismiss

**Defendants' Position:** Defendants all urge that the commencement of discovery await adjudication of Defendants' Motions to Dismiss and that they should be spared the expense and effort of discovery when the claims against them can be resolved as a matter of law.  Defendants further note that, due to the lengthy and uncertain FCC auction process, the case will not be ready for trial in 2016 in any event and so there is no need to commence discovery prematurely.

(2)  **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

**Plaintiffs' Position:**  If the motion of Garvey Schubert to dismiss Count Two is denied, then Lisa Patera Sterling, one of its attorneys who signed the Application for Review filed with the Federal Communications Commission ("FCC"), may be added as a party within sixty (60) days of disposition of the motion.  If the motion of Haley Bader to dismiss Beach TV is granted, then ACI will seek leave to amend the complaint to assert a malpractice claim against Mr. Solomon and Garvey Schubert due to their failure to properly advise Plaintiffs on the risks and

9

3229081v.1

ramifications of ACI assigning its low power television license to Beach TV without consideration of ACI's malpractice claims against Defendants.

**Defendants' Position:** No new parties should be added and the date to add new parties should be deemed to have expired.  The additional party defendant and claim identified by Plaintiffs above come too late and amendment would be futile.  Defendants will oppose any further amendments to the Amended Complaint that expand parties or allegations.

(3) **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that they do not wish the case to be assigned to a magistrate judge.

(4) **Whether there is a realistic possibility of settling the case.**

The parties agree that that there is no realistic possibility of settling the case prior to resolution of Defendants' Motions to Dismiss.

(5) **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties are open to using ADR at some point in the future after disposition of Defendants' Motions to Dismiss but agree that ADR would not be productive any earlier.

(6) **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies, and proposed dates for a decision on the motions.**

**Plaintiffs' Position:**

**Liability:** The material facts related to Mr. Solomon's submissions to the FCC are not in dispute. Nor is there any dispute Plaintiffs did not receive a Class A License as a direct and proximate result of those submissions. The liability question -- whether Mr. Solomon committed

10

malpractice by filing one or more defective submissions with the FCC-- can be determined as a matter of law. Dispositive motions on the merits should be brought at the close of discovery on liability issues.

**Damages:** Damages issues will likely involve conflicting expert testimony that will not lend itself to resolution by dispositive motions.   Plaintiffs propose discovery on Count One begins immediately as provided in Fed. R. Civ. Pro. 26(d)(1) as the parties have concluded their Rule 26(f) conference.  Plaintiffs propose discovery on Counts Two through Six begin upon disposition of Defendants' Motions to Dismiss.

**Defendants' Position:** Defendants contend that the case is subject to dismissal pursuant to the three pending motions to dismiss that were filed last month.  As to any remaining claims against Defendant Solomon, Mr. Solomon contends that the case should be resolved pursuant to a motion for summary judgment that he expects to file after the close of discovery.  Defendants suggest that discovery on any liability issues not begin until after the Court decides the pending motions.

As to a date for decisions on Defendants' Motions to Dismiss, the parties respectfully suggest, with full deference to the Court's caseload, that rulings at the Court's earliest convenience would be beneficial to the parties, if feasible.  Based on this premise, Defendants propose that discovery commence no earlier than June 15, 2016.

**(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a), and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

The parties all made their Initial Disclosures on February 26, 2016.

**(8)    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is**

**appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

**Plaintiffs' Position**:  Fact discovery should begin immediately on Count One and conclude within six (6) months after entry of a Scheduling Order.  Fact discovery on all other Counts should be concluded within six (6) months after disposition of Defendants' Motions to Dismiss.  All expert discovery should be completed three (3) months after conclusion of fact discovery.  A protective order for confidentiality upon designation would be appropriate.

Plaintiffs contend the time frame for discovery on Count Six, successor liability of Garvey Schubert, should be from the inception of the merger negotiations between Garvey Schubert and Haley Bader until a final decision was made on whether each Haley Bader partner became an owner of Garvey Schubert.

**Defendants' Position**: Defendants contend discovery on liability issues should not commence until adjudication of the pending Defendants' Motions to Dismiss and can be concluded within six months.  Defendants disagree that discovery should proceed separately as to Count One as this would result in duplicative discovery, particularly depositions of fact witnesses.  See Exhibit B – Defendants' Proposed Scheduling Order.

The parties agree that protective orders as to disclosure to third parties may be appropriate for certain proprietary matters that may arise and expect to submit a motion to that effect if necessary.

Defendants contend that the case law on successor liability limits the relevant period to that at or around the time the transaction at issue was completed, whereas Plaintiffs have raised questions as to one or more former Haley Bader lawyers attaining ownership status years after

12

consummation of the transaction, which Plaintiffs characterize above as "a final decision . . . on whether each Haley Bader partner became an owner of Garvey Schubert." Exhibit B to the Amended Complaint, which is the agreement at issue, states at paragraph 4 that no Haley Bader lawyer is eligible for consideration of ownership status until at least two years after their employment with Garvey Schubert. This dispute will require court adjudication.

   (9)   **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

   **Plaintiffs' Position:** Expert witnesses on Count One should be designated five days before close of fact discovery. Expert witness reports should be exchanged ten (10) days later and expert depositions concluded thirty days after the delivery of reports. Expert witnesses on all other Counts should be designated five days before close of fact discovery. Expert witness reports should be exchanged ten (10) days later and expert depositions concluded thirty days after the delivery of reports. Rebuttal expert witnesses should be designated five (5) days after conclusion of expert witness depositions. Rebuttal expert witness reports should be produced thirty (30) days later and depositions of rebuttal experts concluded thirty (30) days after that.

   Fed. R. Civ. P. 26(a)(2)(D) is a default deadline for the production of expert reports 90 days before trial and is not acceptable to Plaintiffs. Nor does it require separate deadlines for rebuttal experts. The liability issues and damages issues are not complicated and there is no reason why both sides cannot produce their expert reports at the same time.

   **Defendants' Position:** Pursuant to Fed. R. Civ. P. 26(a)(2)(D), Plaintiffs' liability experts should be disclosed at least 90 days prior to the close of discovery, Defendants' experts at least 60 days prior to the close of discovery and rebuttal experts within 15 days after the other

13

party's disclosure. Expert depositions will occur within the allotted time for discovery.

Defendants oppose the simultaneous designation of experts proposed by Plaintiffs.  Defendants

also propose that discovery and the designation of expert witnesses relating to damages should

come after completion of the FCC auction process under the Spectrum Act, through a bifurcation

process.

   **(10)  Class Action Matters**

   This item is not relevant to this case.

   **(11)  Whether the trial and/or discovery should be bifurcated or managed in phases.**

   **Plaintiff's Position**: The trial should not be bifurcated or managed in phases.  Discovery

on Count One should proceed immediately.  Discovery on all other Counts should start upon

disposition of Defendants' Motions to Dismiss.  To minimize any duplication of efforts, the

scope of discovery on Plaintiffs and Defendant Henry A. Solomon should include all Counts.

   **Defendants' Position:**  There should be separate stages of discovery related to liability

and to damages and the damages phase of discovery should await completion of the auction

process under the Spectrum Act.

   **(12)  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

   The parties agree that the pretrial conference should be set approximately 90 days after

submission of dispositive motions.

   **(13)  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30-60 days after that conference.**

14

The parties believe that the Court should set a trial date at the pretrial conference, and not at the first scheduling conference.

**(14)  Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties agree that no changes are needed to the form or limits of discovery set forth in the Rules other than set forth above.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By: */s/ Arthur D. Burger*
Arthur D. Burger (D.C. Bar #181933)
aburger@jackscamp.com
James N. Markels (D.C. Bar #982476)
jmarkels@jackscamp.com
1120 Twentieth Street, N.W.
South Tower, Third Floor
Washington, D.C. 20036
Phone: (202) 457-1600
Facsimile: (202) 457-1678

*Counsel for Defendant Garvey Schubert Barer*

JORDAN COYNE LLP

By: */s/ Carol T. Stone*
Carol T. Stone (D.C. Bar #349779)
Raphael J. Cohen (D.C. Bar #992554)
10509 Judicial Drive, Suite 200
Fairfax, Virginia 22030-5117
Phone: (703) 246-0900
Facsimile: (703) 591-3673
Email: c.stone@jocs-law.com
j.cohen@jocs-law.com

*Counsel for Defendants Henry A. Solomon and Haley Bader & Potts, P.L.C.*

15

By: /s/ W. James Mac Naughton
     W. James Mac Naughton (Bar ID #NJ004)
     7 Fredon Marksboro Road
     Newton, New Jersey 07860
     Phone: (732) 634-3700
     Facsimile: (732) 875-1250
     Email: wjm@wjmesq.com

     *Counsel for Plaintiffs Beach TV Properties, Inc.,*
     *and The Atlanta Channel, Inc.*

16

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of March, 2016, a true and accurate copy of the foregoing Joint Report was served via electronic means through the CM/ECF system on:

W. James Mac Naughton, Esquire
7 Fredon Marksboro Road
Newton, New Jersey 07860
Phone: (732) 634-3700
Facsimile: (732) 875-1250
wjm@wjmesq.com
*Counsel for the Plaintiffs*

James A. Allen, Esquire
ALLEN LEGAL, PLLC
Post Office Box 4233
Ashburn, Virginia 20148
Phone: (571) 441-1596
jamesallenlegal@gmail.com
*Counsel for the Plaintiffs*

Carol T. Stone, Esquire
JORDAN COYNE LLP
10509 Judicial Drive, Suite 200
Fairfax, Virginia 22030-5117
Phone: (703) 246-0900
Facsimile: (703) 591-3673
c.stone@jocs-law.com
*Counsel for Defendants Henry A. Solomon and
Haley, Bader & Potts, P.L.C.*

*/s/ W. James Mac Naughton*

17

**EXHIBIT A – PLAINTIFFS' PROPOSED SCHEDULING ORDER**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

---

BEACH TV PROPERTIES, INC. and
THE ATLANTA CHANNEL, INC.

              Plaintiff                     INDEX NO. 1:15-cv-1823-RC

      -vs-

HENRY A. SOLOMAN,
HALEY BADER & POTTS, P.L.C. and
GARVEY, SCHUBERT & BARER

              Defendants

---

**SCHEDULING ORDER**

The parties having submitted their Joint Scheduling Report and Proposed Joint

Scheduling Order and the Court having considered it pursuant to LCvR 16 and for good cause

shown it is hereby:

**ORDERED**

       1.     Discovery on all Counts is to be conducted according to the schedule attached as
Exhibit A; and

       2.     Parties may be added and the pleadings amended according to the schedule
attached as Exhibit A; and

       3.     Pretrial motions shall be made on or before the dates set forth in the attached
Exhibit A; and

       4.     A pretrial conference shall be held not less than ___ days before the first
scheduled date for trial.

Date: _____      _____

                                      The Honorable Rudolph Contreras
                                      U.S. District Court for the District of Columbia

3229081v.1

Copies to:

W. James Mac Naughton, Esquire
*Counsel for the Plaintiffs*

Arthur D. Burger, Esquire
James N. Markels, Esquire
*Counsel for Garvey Schubert Barer*

Carol T. Stone, Esquire
Counsel for Henry A. Solomon and
*Haley, Bader & Potts, P.L.C.*

2

**Exhibit A -- Pretrial Deadlines**

The commencement date for discovery on Count One on Defendants Haley, Bader & Potts, PLC and Garvey Schubert & Barer and all Counts for Plaintiffs and Defendant Henry A. Solomon, is the entry of this Scheduling Order.  The conclusion date is the number days after the commencement date set forth below.

The commencement date for discovery on Counts Two through Six on Defendants Haley, Bader & Potts, PLC and Garvey Schubert & Barer is the disposition of each of each Count pursuant to Defendants' Motions to Dismiss, ECF Nos. 24, 25 and 27.  The conclusion date is the number days after the commencement date set forth below.

| | |
|---|---|
| 60 days | Joinder of Additional Parties and Amendment of Pleadings. |
| 120 days | Parties shall exchange written lists containing the names and addresses of all fact witnesses intended to be called at trial and only those fact witnesses listed shall be permitted to testify unless otherwise permitted by the Court. |
| 175 days | Parties shall disclose the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed and rebuttal experts described below shall be permitted to testify unless otherwise permitted by the Court. |
| 180 days | All fact discovery shall be completed. |
| 185 days | Parties shall serve expert witness reports. |
| 215 days | Discovery of Parties' expert witnesses shall be completed. |
| 220 days | Parties shall disclose the names and addresses of all rebuttal expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| 250 days | Parties shall serve rebuttal expert witness reports. |
| 280 days | All expert discovery shall be completed. |
| 310 days | All dispositive motions and motions *in limine* should be filed. |

3

4

**EXHIBIT B-DEFENDANTS' PROPOSED SCHEDULING ORDER**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **BEACH TV PROPERTIES, INC. and** | ) | |
| **THE ATLANTA CHANNEL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:15-cv-01823 RC** |
| | ) | |
| **HENRY A. SOLOMON,** | ) | |
| **HALEY, BADER & POTTS, P.L.C., and** | ) | |
| **GARVEY SCHUBERT BARER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of the Joint Report presented by the parties in the above-caption matter, this Court hereby enters this Scheduling Order, stating the following due dates:

| | |
|---|---|
| Initial Disclosures: | February 26, 2016 |
| Addition of New Parties | Expired |
| Resolution of Pending Motions to Dismiss: | June 1, 2016 |
| Discovery on Liability to Begin: | June 15, 2016 |
| Expert Designations on Liability: | |
|     By Plaintiffs | September 2, 2016 |
|     By Defendants | October 3, 2016 |
| Rebuttal Liability Expert Designations: | October 18, 2016 |
| Close of Discovery on Liability: | December 1, 2016 |
| Dispositive Motions: | December 30, 2016 |
| Oppositions to Dispositive Motions on Liability: | January 13, 2017 |

5

Reply Briefs for Dispositive Motions on Liability:          January 27, 2017

Scheduling Conference to Discuss Damages Phase            January 27, 2017

Pretrial Conference:                                       TBD


     These deadlines shall not be altered absent an order of the Court.

Date: _____          _____
                                           The Honorable Rudolph Contreras
                                           U.S. District Court for the District of Columbia

Copies to:

W. James Mac Naughton, Esquire
*Counsel for the Plaintiffs*

Arthur D. Burger, Esquire
James N. Markels, Esquire
*Counsel for Garvey Schubert Barer*

Carol T. Stone, Esquire
Counsel for Henry A. Solomon and
*Haley, Bader & Potts, P.L.C.*

6