# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BEACH TV PROPERTIES, INC., *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 15-1823 (RC) |
| | : | | |
| v. | : | Re Document No.: | 86, 92, 94 |
| | : | | |
| HENRY R. SOLOMON, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART THE GARVEY DEFENDANTS' MOTION TO DISMISS; GRANTING THE PARTIES' MOTIONS FOR LEAVE TO FILE SUR-REPLY AND REBUTTAL TO SUR-REPLY

## I. INTRODUCTION

This case stems from the submission of an incomplete form in 1999. Plaintiff the Atlanta Channel, Inc. ("ACI") sued the attorney who submitted the incomplete form, Defendant Henry Solomon, in 2015 for legal malpractice. Mr. Solomon has argued that ACI's suit is time-barred, but the Court determined, following summary judgment briefing as to his liability, that questions of fact persist as to whether the "continuous representation doctrine" keeps ACI's claim against him timely. Two years after filing this suit, ACI added to its complaint a legal malpractice claim against Defendant Melodie Virtue, who in 2012 took over ACI's attempt to remedy the effects of the incomplete submission, as well as her law firm Garvey, Schubert & Barer ("Garvey Firm") under the doctrine of respondeat superior. ACI's claim against Ms. Virtue, that she failed to fulfill several "obligations" she had to ACI, is conditional on a finding that ACI's claim against Mr. Solomon is time-barred.

Ms. Virtue and the Garvey Firm have now moved to dismiss the claims against them, arguing that the Court acknowledged as undisputed in its memorandum opinion denying ACI's and Mr. Solomon's prior motions for partial summary judgment several pertinent facts that directly contradict the facts alleged in ACI's Second Amended Complaint. They further argue that ACI has failed to state a claim for legal malpractice and has failed to plead proximate causation. Finally, they ask the Court to dismiss claims that ACI erroneously included in its Second Amended Complaint after the Court denied ACI's motion for leave to file those particular claims. For the reasons explained below, the Court denies the Garvey Defendants' motion to dismiss as to Count Three and the portions of Count Four that pertain to Count Three, but grants their motion as to Count Two and the portions of Count Four that pertain to Count Two.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff ACI filed this suit to recover damages resulting from the erroneous filing of an incomplete form with the Federal Communications Commission ("FCC") on December 29, 1999. *See* 2d Am. Compl. ¶¶ 26–27, ECF No. 69. ACI alleges that because the form, a Statement of Eligibility for a Class A license for an LPTV station, was submitted with several questions left blank, the form was dismissed by the FCC's Mass Media Bureau on June 9, 2000. *Id.* ¶¶ 28, 32. Without a Statement of Eligibility, ACI was unable to obtain a Class A license for its station, *id.* ¶ 33, which ACI argues eventually led to the station being valued for at least $25,000,000 less than it would have been if it had obtained the license, *id.* ¶ 70.

ACI alleges that Defendant Henry Solomon was responsible for the filing of the incomplete Statement of Eligibility. *Id.* ¶ 29. Once he learned of the error, Mr. Solomon immediately sought a reversal of the Mass Media Bureau's dismissal of the Statement. *See id.* ¶¶

2

36–39. While ACI's Statement of Eligibility was pending before the Mass Media Bureau, Mr. Solomon joined Defendant law firm Garvey, Schubert & Barer, where he remained until he "ceased working full time in 2010." *Id.* ¶ 11. In order to obtain a reversal of the dismissal, Mr. Solomon filed an Application for Review with the FCC on December 29, 2000, but the Application remained pending until the Mass Media Bureau's dismissal was affirmed by the FCC on November 9, 2012. *Id.* ¶ 37. At that point, Mr. Solomon had ceased working full-time at the Garvey Firm for several years. *See id.* ¶ 11.

Defendant Melodie Virtue worked with Mr. Solomon at the Garvey Firm, "advising ACI and its affiliates on FCC law matters." *Id.* ¶ 8. When Mr. Solomon ceased working full-time as an attorney in 2010, Ms. Virtue continued to represent ACI and its affiliates. *Id.* ¶ 53. Beginning in 2012, this included representing ACI on the pending Application for Review and subsequent attempts to reverse the FCC's decision and obtain a Class A license for ACI. *Id.* ¶¶ 53–56.

ACI takes issue with certain aspects of Ms. Virtue's representation. ACI contends that "[p]rior to assuming responsibility for or participating in [the matter], Ms. Virtue had an obligation to tell ACI that:" (1) "Mr. Solomon committed malpractice by preparing and filing the defective ACI Statement"; (2) "Mr. Solomon's withdrawal from the full-time practice of law could affect the running of the statute of limitations on ACI's malpractice claims against Mr. Solomon"; (3) "ACI and Mr. Solomon were potential adversaries in a legal malpractice action"; (4) "Ms. Virtue had a conflict of interest between her representation of ACI and her professional and personal relationship with Mr. Solomon"; (5) "[t]he Garvey Firm had a conflict of interest between its representation of ACI and its relationship with Mr. Solomon"; and (6) "ACI should immediately retain separate and independent counsel to advise ACI about:" (a) "Mr. Solomon's preparation and filing the defective ACI Statement"; (b) "Mr. Solomon's withdrawal from the

full time practice of law"; (c) "[t]he FCC Proceeding." *Id.* ¶ 59.[1] ACI refers to the above-listed assertions as the "Virtue Obligations," and alleges that "Ms. Virtue failed to perform the Virtue Obligations." *Id.* ¶¶ 60–61. Therefore, it argues, she "failed to obtain ACI's fully informed consent to her assumption of responsibility for and working on the FCC Proceeding and Appeal." *Id.* ¶ 62.

ACI's attempts to obtain a Class A license for its station ceased in September 2015 when the D.C. Circuit denied its appeal of the FCC's decisions. *See Beach TV Props., Inc. v. FCC*, 617 F. App'x 10 (D.C. Cir. 2015). On October 26, 2015, Beach TV and ACI sued Mr. Solomon, the Garvey Firm, and Haley Bader & Potts, the firm where Mr. Solomon had worked when he filed the incomplete Statement of Eligibility, for legal malpractice. *See generally* Compl., ECF No. 1; *see also* Am. Compl., ECF No. 21. A year later, the Court granted the Garvey and Haley Firms' motions to dismiss ACI and Beach TV's first amended complaint, granted in part and denied in part Mr. Solomon's motion to dismiss the first amended complaint, and dismissed all claims brought by Beach TV in the first amended complaint for lack of standing. *See Beach TV, Props., Inc. v. Solomon* ("*Beach TV I*"), No. 15-1823, 2016 WL 6068806 (D.D.C. Oct. 14, 2016). After the issuance of this memorandum opinion, the only claim remaining in the case was ACI's malpractice claim against Mr. Solomon for filing the incomplete Statement of Eligibility. *Id.*

---

[1] ACI also alleges that Ms. Virtue was obliged to tell ACI that "Mr. Solomon committed malpractice by recommending and filing the License Assignment," when ACI assigned the license relevant to this case to Beach TV Properties, Inc., another company owned by ACI owners Jud Colley and Toni Davis. *Id.* ¶¶ 59(b), 40. However, as explained below, this factual allegation, as well as all other factual allegations supporting Count Two, was included in ACI's Second Amended Complaint in error because the Court never granted ACI leave to include this count in its Second Amended Complaint. *See Beach TV Props., Inc. v. Solomon* ("*Beach TV II*"), 254 F. Supp. 3d 118, 125–130 (D.D.C. 2017).

ACI subsequently moved to amend its complaint. *See* Pls.' Mot. Leave Amend, ECF No. 59. ACI's proposed amended complaint contained four distinct claims for malpractice and sought to add two defendants: Melodie Virtue, who up until that point had not been named as a defendant in the case, and the Garvey Firm. *See* Pls.' Proposed 2d Am. Compl. ¶¶ 51–62; 73–87, ECF No. 59-3. The first claim in the proposed complaint remained the claim against Mr. Solomon for filing the incomplete Statement of Eligibility. *See* Pls.' Proposed 2d Am. Compl. ¶¶ 73–75. The second proposed claim alleged that Mr. Solomon did not adequately counsel ACI when it assigned its license to Beach TV and that this negligence "compromise[d] ACI's ability to recover damages based on its ownership of" the license. Pls.' Mot. Am. Compl. ¶ 15; Pls.' Proposed 2d Am. Compl. ¶¶ 76–79.

The third proposed count alleged legal malpractice by Ms. Virtue for not fulfilling the "Virtue Obligations." Pls.' Proposed 2d Am. Compl. ¶¶ 59–61, 81. ACI and Beach TV clarified that this claim was contingent upon a finding that Counts One and Two are time-barred. *See* Proposed 2d Am. Compl. ¶ 83 ("ACI was damaged as a direct and proximate result of Ms. Virtue's malpractice if and to the extent ACI's malpractice claims against Mr. Solomon stated in Counts One or Two are barred by the statute of limitations.") Finally, the proposed fourth count alleged that the Garvey Firm is liable for "the malpractice and negligence of Mr. Solomon pursuant to Count Two by operation of the doctrine of respondeat superior" and for "the malpractice and negligence of Ms. Virtue pursuant to Count Three by operation of the doctrine of respondeat superior." *Id.* ¶¶ 86–87. As such, part of Count Four is also contingent upon a finding that Count One is time-barred.

Mr. Solomon and the Garvey firm opposed ACI's motion on the ground that amending the complaint would be futile because Counts Two and Three failed to state cognizable claims.

*See* Garvey's Mem. P. & A. Opp'n Pl.'s Mot. Leave Amend Compl. at 14, ECF No. 62; Def. Solomon's Opp'n Pl.'s Mot. Leave Amend Compl. at 4, ECF No. 63. The Court agreed with Defendants as to Count Two, finding that ACI and Beach TV had not adequately pleaded causation, *Beach TV II*, 254 F. Supp. 3d at 128–30, but found that ACI had adequately pleaded Count Three, *id.* at 130–34. In particular, the Court found that ACI's inclusion of the factual allegation that Ms. Virtue "lulled ACI into inaction in filing its malpractice claims," 2d Am. Compl. ¶ 57, was a "preemptive response to the affirmative defense of statute of limitations," rather than an attempt to assert a cause of action for "lulling," which is not an actionable tort under D.C. law. *Beach TV II*, 254 F. Supp. 3d at 133–34.

Following the filing of ACI's Second Amended Complaint, which inadvertently included Count Two, *see* Pl.'s Opp'n at 15, ACI and Mr. Solomon filed cross-motions for partial summary judgment as to Mr. Solomon's liability for Count One of the Second Amended Complaint. *See* Pl.'s Mot. Partial Summ. J., ECF No. 71; Def.'s Mot. Partial Summ. J., ECF No. 74. In his motion, Mr. Solomon claimed that Count One was time-barred, that ACI was contributorily negligent when it forwarded the incomplete Statement of Eligibility to him for his review, and that ACI could not demonstrate, as a matter of law, that Mr. Solomon's actions caused the full extent of the damages ACI alleged it suffered. *See Beach TV Props., Inc. v. Solomon* ("*Beach TV III*"), 306 F. Supp. 3d 70, 82 (D.D.C. 2018). Reviewing the evidence that the parties had provided with their motions, the Court found that questions of fact remained as to whether ACI reasonably believed that Mr. Solomon continued to represent it until at least October 26, 2012, three years before the filing of this case.[2] *See Beach TV III*, 306 F. Supp. 3d at

---

[2] D.C. Code provides that legal malpractice claims in the District of Columbia "may not be brought" more than three years "from the time the right to maintain the action accrues." D.C. Code § 12–301(8).

89. While the Court was able to determine from the record that the date of the injury resulting from Mr. Solomon's alleged malpractice was June 9, 2000, *see id.* at 84, and that the evidence presented did not support the tolling of the statute of limitations on the basis of lulling or fraudulent concealment, *see id.* at 89–91, the Court did find that significant disputes of fact precluded the Court from determining whether the continuous representation doctrine supported such tolling, *see id.* at 89. The Court also found that factual disputes as to what duty of care Mr. Solomon owed to ACI remained, as did a factual dispute regarding the extent of the damage Mr. Solomon's alleged negligence proximately caused. *See id.* at 95–97. Therefore, the Court denied both ACI's and Mr. Solomon's motions for partial summary judgment.

With the motions for partial summary judgment resolved, the Court's attention now turns to Ms. Virtue and the Garvey Firm ("the Garvey Defendants" or "Defendants"), who have moved to dismiss the claims against them contained in ACI's Second Amended Complaint. *See* Defs.' Mot. Dismiss, ECF No. 86.[3] While discovery as to Mr. Solomon's liability for Count One has already been completed, *see* Scheduling Order, ECF No. 58, discovery as to the other counts has been delayed pending the resolution of this motion, *see* Minute Order (Apr. 27, 2018). The Garvey Defendants' motion to dismiss, ACI's motion for leave to file a sur-reply, and the Garvey Defendants' motion to file a rebuttal to ACI's proposed sur-reply, are now ripe for decision.

---

[3] The Garvey Firm has also filed a motion for sanctions against ACI's attorney, James Mac Naughton. *See* Mot. Sanctions, ECF No. 87. The parties have agreed to delay the remaining briefing and resolution of the motion until after the resolution of the Garvey Defendants' motion to dismiss. *See* Pl.'s Consent Mot. Extend Time, ECF 88; Minute Order (May 25, 2018).

## III. ANALYSIS

The parties have asserted a slew of arguments in support of and in opposition to the Garvey Defendants' motion to dismiss, which the Court will summarize briefly here. The Garvey Defendants have moved to dismiss Count Three and the portion of Count Four predicated on Count Three on several grounds. First, Defendants argue that the factual record in this case, and specifically the facts noted in the Court's memorandum opinion denying Mr. Solomon's and ACI's cross-motions for partial summary judgment, is the "law of the case." These facts, they believe, demonstrate that Ms. Virtue performed several of the alleged Virtue Obligations. Therefore, claims predicated on those obligations should be dismissed. Second, Defendants urge the Court to reconsider its prior determination that Count Three is not a claim for the tort of lulling. Third, Defendants argue that the facts pleaded in support of Count Three fail to allege proximate cause or compensable damages.

ACI first responds that the Court's determination that Count Three states a claim is the law of the case and should not be reconsidered. Second, ACI argues that Defendants' motion to dismiss is in fact a premature motion for summary judgment based on an incomplete factual record. However, ACI further claims that the factual record presented to the Court in support of the parties' motions for partial summary judgment support a finding of liability as to Count Three. Third, ACI argues that the Second Amended Complaint clearly lays out ACI's allegations of what Ms. Virtue's standard of care should have been while working on ACI's case. Fourth, ACI argues that Ms. Virtue needed to fulfill the Virtue Obligations before October 26, 2012—the beginning of the limitations period for this suit—and that her email sent in November 2012 did

not fulfill that obligation.[4] Fifth, they argue that the Garvey Defendants forfeited their ability to challenge the sufficiency of ACI's pleadings regarding proximate causation when they did not challenge ACI's pleadings as to proximate causation when they opposed ACI's motion for leave to amend. However, they further argue that they have sufficiently pleaded proximate causation as to Count Three.

The Court first determines that the Garvey Defendants' motion is a motion to dismiss, as Defendants insist, and not a motion for summary judgment. However, the Court disagrees with Defendants' contention that all of the facts observed in the Court's ruling on the parties' motions for partial summary judgment are now the law of the case. Therefore, the Court will not consider the facts Defendants have highlighted that are not contained in the Second Amended Complaint. Next, the Court determines that the Court's finding in its grant of ACI's motion for leave to amend regarding the nature of its lulling allegation is the law of the case and declines Defendants' invitation to reconsider that ruling. The Court further finds that ACI has included sufficient facts in its complaint to allege proximate causation. Finally, the Court grants ACI's motion for leave to file a sur-reply, ECF No. 92, to which Defendants have consented as long as they are permitted to file a rebuttal, and also grants Defendants' motion for leave to file a rebuttal to ACI's sur-reply, ECF No. 94.

### A. The Nature of the Garvey Defendants' Motion

The Garvey Defendants insist both that their motion is a motion to dismiss and that the Court may take into consideration undisputed facts observed in the Court's ruling on ACI's and Mr. Solomon's cross-motions for partial summary judgment because those facts are the "law-of-

---

[4] This email was not mentioned in ACI's Second Amended Complaint but was acknowledged in the Court's prior memorandum opinion denying Mr. Solomon and ACI partial summary judgment. *See Beach TV III*, 306 F. Supp. 3d at 80.

the-case." ACI responds that the motion is in fact an improper summary judgment motion based on an incomplete record. As explained below, the Court holds that, due in part to Defendants' insistence, this motion will be evaluated as a motion to dismiss and will not be converted to a motion for summary judgment. Because this motion will be evaluated as a motion to dismiss, the Court will not take into consideration the facts observed in dicta in the Court's prior memorandum opinions and will instead review the Second Amended Complaint based on its facial sufficiency.

"Unlike motions to dismiss [for lack of subject matter jurisdiction] under Rule 12(b)(1), factual challenges are not permitted under 12(b)(6), and the Court may only consider the facts alleged in the complaint, any documents attached as exhibits thereto, and matters subject to judicial notice in weighing the merits of the motion." *Kursar v. Transp. Sec. Admin.*, 581 F. Supp. 2d 7, 14 (D.D.C. 2008), *aff'd*, 442 F. App'x 565 (D.C. Cir. 2011). Because courts "may not draw upon facts from outside the pleadings," "a vague and conclusory complaint may survive a 12(b)(6) motion where more detail would disclose fatal weaknesses; defendants' remedy 'is not to move [for] dismissal but to serve contention interrogatories . . . or to proceed to summary judgment.'" *Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997) (quoting *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir. 1985)).

Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "The decision to convert a motion to dismiss into a motion for summary judgment . . . is committed to the sound discretion of the trial court." *Bowe–Connor v. Shinseki*, 845 F. Supp. 2d 77, 85 (D.D.C. 2012) (quoting *Flynn v. Tiede–Zoeller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006)). "A motion may be treated as one for

summary judgment even if the parties have not been provided with notice or an opportunity for discovery if they have had a reasonable opportunity to contest the matters outside of the pleadings such that they are not taken by surprise." *Id.* at 86.

Of course, a great deal of discovery has already been taken in this case regarding Mr. Solomon's liability, revealing facts that may have bearing on Ms. Virtue's liability as well. *See, e.g.*, Virtue Deps., ECF No. 72-6, 76-20. However, Defendants have not moved for summary judgment and have not asked the Court to take judicial notice of facts outside the pleadings. Instead, Defendants ask the Court to find that these facts are the "law of the case."

"'Law-of-the-case doctrine' refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as the law of the case) by that court or a higher one in earlier phases." *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995). "The doctrine of law of the case comes into play only with respect to issues previously determined," *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979), and "questions that merely could have been decided do not become law of the case." *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 751 n.14 (D.C. Cir. 1990) (quoting *Bouchet v. Nat'l Urban League*, 730 F.2d 799, 806 (D.C. Cir. 1984)). "[D]icta is not part of the law of the case." *United States v. Singleton*, 759 F.2d 176, 185 (D.C. Cir. 1985) (citing *Nat'l Souvenir Ctr., Inc. v. Historic Figures, Inc.*, 728 F.2d 503, 511 (D.C. Cir.), *cert. denied*, 469 U.S. 825 (1984)). However, "[t]he doctrine encompasses a court's explicit decisions, as well as those issues decided by necessary implication." *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987). "[A]dherence to the doctrine is not mandatory," but rather left to the district court's sound discretion. *Moore v. Hartman*, 332 F. Supp. 2d 252, 256 n.6 (D.D.C. 2004).

Defendants ask the Court to find that the following three facts are the law of the case:

> (1) Plaintiff was aware of a potential malpractice claim by June of 2000, more than a decade before Ms. Virtue was first asked about it by Plaintiff; (2) Ms. Virtue sent the principals of ACI and Beach TV a detailed email on November 21, 2012 that addressed the potential conflict of interest issue and advised them to seek independent legal counsel on that issue; and (3) pursuant to Ms. Virtue's advice, Plaintiff did indeed obtain independent legal advice from a lawyer in another firm, and made its decision to proceed with Garvey as counsel in its FCC appeal only after receiving and considering that independent advice.

Defs.' Mot. at 5–6. Defendants believe that these facts have a bearing on ACI's allegation that Ms. Virtue breached the standard of care by not telling ACI that (1) "Mr. Solomon committed malpractice by preparing and filing the defective ACI Statement," (2) "Ms. Virtue [and the Garvey Firm] had a conflict of interest between [their] representation of ACI and [their] professional and personal relationship with Mr. Solomon," and (3) "ACI should immediately retain separate and independent counsel to advise ACI about . . . Mr. Solomon's preparation and filing the defective ACI Statement" and "the FCC Proceeding." *See* Defs.' Mot. at 20, 23 (citing 2d Am. Compl. ¶¶ 59(a), (e), (f), (g)). Defendants point to no cases in which a court dismissed a claim in an amended complaint because evidence rebutting the allegations supporting the claim had been presented and observed in a prior summary judgment opinion involving a different party and was therefore the "law of the case." *See generally*, Defs.' Mot.; Defs.' Reply; Defs.' Rebuttal.

However, even if the law of the case could be used for this type of situation, the undisputed facts Defendants highlight were not integral to the Court's reasoning in its prior memorandum opinion and were therefore merely noted in dicta. While the Court did indeed observe that Mr. Solomon informed ACI of the dismissal of the Statement of Eligibility soon after June 9, 2000, and that Ms. Virtue informed ACI that she and the Garvey Firm might have a

12

conflict of interest with ACI and that it should therefore consider retaining independent counsel to evaluate that conflict and assist it in determining whether the Garvey Firm should continue to represent it on the matter, those facts did not contribute to the Court's conclusions that factual disputes still existed as to the statute of limitations and proximate causation. Because these factual observations were dicta, they do not constitute the law of the case. *See Singleton*, 759 F.2d at 185.

In sum, because Defendants did not move for summary judgment, and indeed appear to oppose the characterization of their motion as a motion for summary judgment, did not move for the exhibits supporting their factual allegations to be judicially noticed for purposes of this motion, and because the facts they believe demonstrate that ACI's factual allegation are erroneous do not constitute the law of the case, the Court cannot dismiss portions of ACI's Second Amended Complaint based on its prior memorandum opinion.

### B. Lulling

The Garvey Defendants also ask the Court to reconsider its prior finding that ACI's inclusion of the allegation that "Ms. Virtue's work on the FCC Proceeding and Appeal lulled ACI into inaction in filing its malpractice claims against her or Mr. Solomon" was not an attempt to state a claim for the tort of lulling, but rather a proactive rebuttal to a statute of limitations defense that it expected Ms. Virtue to raise. *See* Defs.' Mot. at 16 (referring to *Beach TV II*, 254 F. Supp. 3d. at 133–34). ACI does not address Defendants' arguments directly, but instead argues that it is premature for the Court to determine whether the lulling doctrine tolls the statute of limitations as to Count Three because Ms. Virtue has yet to file her answer to the Second Amended Complaint. *See* Pl.'s Opp'n at 10. It further argues that the law of the case should apply to the Court's finding when it granted leave to amend the complaint to add Count Three

because it stated a claim and thus was not futile. *Id.* at 2. Defendants reply that the law of the case should not apply to this ruling because the "June 1, 2017 decision was not based on the contentions of either party and so the Garvey Defendants had no opportunity to be heard on the point." Defs.' Reply at 6. They further complain that ACI has "refused" to clarify its intentions as to lulling. *Id.* at 8. As explained below, the Court finds that, ACI's vagueness notwithstanding, the Court's ruling that ACI's mention of lulling did not turn its malpractice claim against Ms. Virtue into a claim for lulling is the law of the case. The Court declines to reverse that ruling at this stage in the proceedings.

As mentioned above, "[t]he doctrine of law of the case comes into play only with respect to issues previously determined," *Quern*, 440 U.S. at 347 n.18, and "adherence to the doctrine is not mandatory," but rather left to the district court's sound discretion. *Moore*, 332 F. Supp. 2d at 256 n.6. In its opposition to ACI's motion for leave to amend, the Garvey Firm argued that the Court should interpret Count Three of ACI's Second Amended Complaint as a claim for lulling. *See* Garvey's Opp'n Pls. Mot. Leave Amend at 22–24, ECF No. 62. However, even though ACI did not respond to the Garvey Firm's argument, the Court determined that "Plaintiff's lulling claim is a preemptive response to the affirmative defense that the statute of limitations bars recovery, not a freestanding claim in the complaint." *Beach TV II*, 254 F. Supp. 3d at 122. This ruling came in the context of the Court's analysis of the purported futility of ACI's amendments to the complaint, in which "the Court applie[d] the same standard it applies in resolving a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Id.* at 124. Under this framework, the Court found that ACI had sufficiently stated a claim for negligence against Ms. Virtue and that that claim for negligence was not simply a lulling claim in disguise. *Id.* at 134.

14

This motion presents nearly identical circumstances to those at play when the Court granted ACI leave to amend its complaint. Defendants continue to characterize the inclusion of the term lulling as an attempt to state a claim for the tort of lulling, which has never been recognized in D.C. *Compare* Defs.' Mot. at 14–17 *with* Garvey's Opp'n Pls. Mot. Leave Amend at 22–24. ACI has again failed to directly respond to this argument. Instead, in its opposition to Defendants' motion to dismiss, it argues that it is too early in these proceedings to determine whether lulling tolled any statute of limitations defense Ms. Virtue might present (implying that it meant for its mention of lulling to be a rebuttal to a potential affirmative defense). It further explains that Ms. Virtue's actions (or lack thereof) proximately caused it to, if the continuous representation doctrine does not apply, file its malpractice claim against Mr. Solomon late. *See* Pl.'s Opp'n at 10–12. While the possibility that ACI is sneakily trying to state a claim for lulling rather than negligence remains, the Court's analysis, that based on the face of ACI's Second Amended Complaint ACI seeks to state a claim for negligence and is simply attempting to preemptively cover all of its bases by rebutting an imminent affirmative defense in its mention of lulling, remains unchanged. Therefore, the Court declines to revisit what is clearly the law of this case and does not grant Defendants' motion on this ground.

### C. Proximate Causation

Defendants also argue that the Second Amended Complaint fails to sufficiently allege proximate causation between Ms. Virtue's actions and ACI's possible injury because

> (1) Plaintiff's consultation with the law firm of Balch & Bingham ended any causal link resulting from any acts or omissions by Ms. Virtue, and there was therefore no causation in fact; (2) the allegation is conditional on hypothetical scenarios that are purely conjectural and inherently incapable of ever being ascertained; and (3) the allegation of a causal link to the outcome of the dispute with Solomon as to the statute of limitations, renders Count Three a claim of lulling.

Defs.' Mot. at 25. ACI responds that "[t]aken together," the facts in the Second Amended Complaint combine to allege that "ACI would have timely sued Mr. Solomon for malpractice and collected the full damages sought in Count One but for Ms. Virtue's malpractice in failing to fulfill the Virtue Obligations in March 2012 when she began working on the FCC Proceeding." Pl.'s Opp'n at 12. Plaintiffs also argue that Defendants forfeited the argument that Count Three's proximate causation allegations are insufficient because Defendants failed to raise this argument in their opposition to ACI's motion for leave to amend. *Id.* at 11. As explained below, although Defendants did not forfeit their ability to challenge ACI's proximate causation pleadings by not including the challenge in their opposition to ACI's motion for leave to amend, Defendants' arguments fail nonetheless. The Court denies Defendants' motion to dismiss on this ground because: (1) the Court is not taking evidence outside the pleadings into account in deciding this motion, (2) the question of proximate causation is one normally left for the finder of fact, and (3) the Court has already found that Count Three states a claim for negligence rather than lulling.

ACI's assertions to the contrary, Defendants have not forfeited their ability to raise the proximate causation argument by not raising it in their opposition to ACI's motion for leave to amend. To support its assertion, ACI relies solely on *Solomon v. Vilsack*, 763 F.3d 1, 14 (D.C. Cir. 2014), in which the D.C. Circuit found that because a defendant had not raised a contention during two prior rounds of summary judgment briefing, the defendant could not raise the argument for the first time on appeal. Conversely, here ACI argues that because Defendants did not raise a particular argument before ACI's Second Amended Complaint was even filed, they have waived their ability to raise it in their motion to dismiss that complaint. But Defendants' motion to dismiss is their first responsive pleading to this complaint. What is more, lack of proximate causation is not one of the many affirmative defenses that must be raised in a

16

defendant's first responsive pleading, *see* Fed. R. Civ. P. 8(c)(1), nor is it one of the defenses listed in Rule 12(b)(2)–(5) that can be forfeited by failing to raise it in a Rule 12 motion or a responsive pleading, *see* Fed. R. Civ. P. 12(h)(1). Instead, failure to state a claim may be raised as late as an answer filed pursuant to Rule 7(a) or in a motion for judgment on the pleadings pursuant to Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2). As such, Defendants have not forfeited their ability to claim that ACI has failed to sufficiently plead proximate causation.

However, the Court is unpersuaded by Defendants' arguments that Count Three should be dismissed for failure to sufficiently plead proximate causation. First, as explained above, because the Court is declining to take into account any evidence outside of the pleadings, it may not consider the fact that ACI may have consulted with outside counsel at the direction of Ms. Virtue at the end of 2012, a fact not alleged in the Second Amended Complaint. Second, the Court has already determined that Count Three states a claim for negligence rather than lulling. Finally, although Defendants contend that "the conditional and hypothetical nature of the allegations of proximate cause in Paragraph 83 lack the degree of clarity and certainty sufficient to satisfy this element of a tort claim," Defs.' Mem. at 26, for now, the Court finds the allegations sufficient to survive a motion to dismiss.

ACI has pleaded that (1) Ms. Virtue failed to perform the "Virtue Obligations" it has listed, 2d Am. Compl. ¶ 61; (2) that her failure to perform the "Virtue Obligations" "lulled ACI into inaction in filing its malpractice claims against . . . Mr. Solomon," *id.* ¶ 57; and (3) if ACI's claim against Mr. Solomon for malpractice is found to have been untimely filed, that injury will have been a direct and proximate result of Ms. Virtue's failure to perform the "Virtue Obligations," *id.* ¶ 83. From these pleadings, the Court is able to ascertain both what actions ACI believes Ms. Virtue should have taken when representing it and the damage it believes her

failure to act caused it—the late filing of a meritorious claim against Mr. Solomon. Whether Ms. Virtue's actions, if ACI's claim against Mr. Solomon is time-barred, proximately caused the injury ACI alleges is a matter that is better addressed later, at the summary judgment stage, or perhaps after, with the benefit of a full record from discovery, including expert opinions. *See In re Fort Totten Metrorail Cases Arising Out of Events of June 22, 2009*, 895 F. Supp. 2d 48, 70 (D.D.C. 2012) ("[P]roximate causation is ordinarily a question of fact for the jury . . . [and] it is only the exceptional case in which questions of proximate cause pass from the realm of fact to one of law."). At this time, these allegations are sufficiently pleaded, and therefore, Count Three and the portion of Count Four that pertains to Count Three will not be dismissed.

### D. Count Two

The Garvey Defendants have also moved to dismiss, or in the alternative, to strike, Count Two and the portion of Count Four that pertains to Count Two on the ground that the Court never granted ACI leave to file those counts when it granted ACI leave to file its Second Amended Complaint. *See* Defs.' Mot. at 11–12; *see also Beach TV II*, 254 F. Supp. 3d at 125–130. ACI concedes that it filed Count Two inadvertently after the Court's grant of leave to amend and states that it has no objection to the striking Count Two and its related paragraphs. Because those claims were inadvertently filed, and for the reasons set forth in the Court's prior memorandum opinion denying ACI leave to file those claims, the Court grants the Garvey Defendants' motion to dismiss Count Two and the related portion of Count Four. *See Beach TV II*, 254 F. Supp. 3d at 125–130. As such, Paragraphs 76–79, 59(b), 59(g)(ii), 82, 86, and the words "or Two" in Paragraph 83 are dismissed from ACI's Second Amended Complaint.

## IV.  CONCLUSION

For the foregoing reasons, the Garvey Defendants' Motion to Dismiss Count Three and Portions of Count Four (ECF No. 86) is **GRANTED IN PART AND DENIED IN PART**; ACI's Motion for Leave to File a Sur-reply (ECF No. 92) is **GRANTED**; and the Garvey Defendants' Motion for Leave to File a Rebuttal (ECF No. 94) is **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 29, 2018　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge